IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL DEAN CASTEVENS,        )
                               )
                 Petitioner,   )
                               )
         v.                    )        1:13CV182
                               )
UNITED STATES DISTRICT COURT   )
COUNTY OF CHATHAM, OF          )
NORTH CAROLINA,                )
                               )
                 Respondent.   )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an Application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Petitioner already filed one habeas petition which is pending in this Court at this time. (Case No. 1:12CV705.) Petitioner may not file a second or successive habeas petition. It appears that Petitioner already raised the claims in the instant Petition in the prior case. However, to the extent that this is not so, Petitioner must file a motion to amend his pending Petition and receive permission to do so from the Court.

2. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of Public Safety. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of

this Order, the Petition is deemed from this point forward to be amended to name Frank Perry, who is currently the Secretary of Public Safety, as Respondent.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner, if necessary, moving to amend his currently pending habeas petition in Case No. 1:12CV705. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue any claims not already raised. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001).

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner moving to amend his currently pending habeas petition in Case No. 1:12CV705.

This, the 22nd day of October, 2013.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**